IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL MOORE,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   Case No. 05-0406-CV-W-NKL-SSA
                                        )
JO ANNE B. BARNHART,                    )
COMMISSIONER OF                         )
SOCIAL SECURITY                         )
                                        )
            Defendant.                  )

ORDER

Pending before the Court is Defendant's Motion to Dismiss [Doc. # 8] under Fed.

R. Civ. P. 12(b)(6). For the following reasons, the Court will grant Defendant's Motion.

On January 8, 2005, an Administrative Law Judge denied Plaintiff Michael

Moore's ("Moore") applications for disability insurance benefits under 42 U.S.C. §§ 401

*et seq*., and supplemental security income under 42 U.S.C. §§ 1381 *et seq*. On February

17, 2005, the Appeals Council of the Social Security Administration denied Moore's

request for review, rendering the ALJ's decision the "final decision" of the

Commissioner. Under 42 U.S.C. § 405(g), Moore was entitled to seek judicial review of

the Commissioner's final decision by filing a Complaint in United States District Court

within sixty days of receiving notice of the final decision. The date of receipt is

presumed to be five days after the Appeals Council issues its notice, unless there is a

1

reasonable showing to the contrary. See 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Thus, to be timely, a complaint seeking judicial review must be filed within sixty-five days of the date on the notice of the Commissioner's final decision. See 41 Fed. Reg. 53792, 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).

The ALJ's decision denying Moore's claim became final on February 17, 2005. He, therefore, had to file his Complaint seeking judicial review by April 25, 2005. Moore's first pleading before the District Court, a Motion for Leave to Proceed *in forma pauperis*, was filed on May 5; his Complaint was filed June 21. Even measuring his timeliness by the date of his IFP motion, Moore's Complaint is untimely. As this Court's jurisdiction to review the final decisions of the Commissioner is provided for and limited by Congress, and as Moore did not file his Complaint within the time allowed by Congress, this Court is without jurisdiction to review his claim. *Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985). Additionally, Moore has presented the Court with no basis for equitably tolling the sixty day statute of limitations.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss [Doc. # 8] is GRANTED.


        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: October 7, 2005
Jefferson City, Missouri

2